UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/25/2026

------------------------------------------------------------------ X
                                           :

DAVID ARANOVSKY,                       :
                                             :

                            Plaintiff,    :                     1:26-cv-1181-GHW
                                               :

                 -v-                     :                      <u>ORDER</u>
                                               :

RALPH J. PORZIO, *et al.*,            :
                                             :

                           Defendants.    :

                                             :

------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

The Court thanks Plaintiff for his letter in response to the Court's order to show cause.  *See* Dkt. No. 9.  As discussed in that order, under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).  Moreover, courts may transfer cases on their own initiative.  *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426–27 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them.  The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))).

To determine whether transfer is appropriate, courts consider the following factors:  (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the

availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459–60 (S.D.N.Y. 2011).

The Court recognizes that Plaintiff would prefer to stay in this District, as he chose this forum. Dkt. No. 9. Having considered the relevant factors, the Court believes that the interests of justice are better served by transferring this case to the Eastern District of New York. Although Plaintiff's choice of forum weighs against transfer, several other factors—including the convenience of witnesses and parties, the location of relevant evidence, and the locus of operative facts—weigh in favor of transfer. As a result, this case will be transferred to the Eastern District of New York.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to transfer this case to the Eastern District of New York without delay.

SO ORDERED.

Dated: February 25, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

2